IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JARMAL JOHNSON, #227-643               *
   Petitioner

              *

  vs.             CIVIL ACTION NO.  RDB-06-305

              *

MARYLAND DIVISION OF CORRECTIONS,
et al.,           *
   Respondents     *

       ******

## MEMORANDUM OPINION

On February 3, 2006, Petitioner Jarmal Johnson filed the instant action alleging that

Respondents have failed to properly compute his sentence.  (Paper No. 1).  While Petitioner used

the forms for filing a civil rights action, he attacked the execution of his sentence rather than the

conditions of his confinement.  Accordingly, the action was construed as a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.[1]  Respondents have filed an Answer to the Petition.  (Paper

No. 6).  After review of these papers, this Court finds the Petition raises only issues of law and there

is no need for an evidentiary hearing.  *See* 28 U.S.C. § 2243.  For the reasons that follow, the

Petition will be denied.

## Procedural History

Petitioner is serving a 160 year term of imprisonment, commencing March 9, 1992, and

---

[1]  Several circuit courts have concluded that when a person in custody pursuant to a state court judgment challenges the fact or duration of the custody in any way, as well as the execution of the sentence, § 2254 is the exclusive vehicle and the district court is required to process the petition under that statute. *See Cook v. New York State Division of Parole*, 321 F.3d 274, 278-79 (2d Cir. 2003)  *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir.), *cert. denied, Hanks v. Finfrock*, 531 U.S. 1029 (2000); *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001).  In contrast, the Tenth Circuit permits more latitude for state prisoners regarding the interplay between §§ 2241 and 2254.  It held that challenges to the execution of the sentence, as opposed to attacks on the validity of the conviction, may be brought pursuant to § 2241.  *See Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *e.g., McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) *(*noting that a § 2254 petition challenges the validity of a conviction or sentence while a § 2241 petition attacks the execution of a sentence).  The Fourth Circuit has not directly addressed the issue. In the instant case, Petitioner appears to attack his aggregate total sentences by alleging that his sentences are ambiguous, resulting in miscalculation of his term of confinement, *i.e*., the manner in which the sentences are to be executed.

comprising eight sentences imposed in three cases brought in the Circuit Court for Baltimore City[2].

One case involved assault with intent to murder Officer Melvin Russell and included a handgun

violation and several lesser-included offenses; another involved drug charges; and the third involved

the second degree murder of Erskine Moore and included a handgun offense.[3]

Petitioner initiated post-conviction relief in Baltimore City Circuit Court on December 22,

1998.[4] Relief was denied by the post-conviction court and the Court of Special Appeals of Maryland

denied leave to appeal on May 30, 2000.  Petitioner filed a second post-conviction petition on

January 3, 2001.  Relief was denied by the post-conviction court and leave to appeal was denied by

the Court of Special Appeals on July 3, 2002.[5]  A Motion for Modification of Sentence filed on

January 25, 2002, was denied by Judge Themelis on February 8, 2002.  Thereafter, Petitioner moved

to reopen post-conviction proceedings which was denied on January 2, 2003.[6] Leave to appeal was

denied by the Court of Special Appeals on October 14, 2003.

Petitioner next filed a Motion to Correct Illegal Sentence on September 23, 2003, which was

denied by Judge Themelis on October 27, 2003.  The Court of Special Appeals, in an opinion filed

---

[2]    The sentences were imposed by Circuit Court Judge John Themelis on October 28, 1992 in Case Nos. 192099061, 19200099071, and 192092011.  *See* Paper No. 6, Exhibits 1-4.

[3]    A portion of the sentencing hearing transcript set forth in a March 22, 2006 Memorandum and Order by Circuit Court Judge Althea M. Handy, clearly indicates that Judge Themelis intended to impose a sentence of 160 years.  *See* Paper No. 6, Exhibit 6 at 2-3.  The undersigned bases the recitation of procedural history in this matter on the information provided in Judge Handy's Memorandum and Order.

[4]    Respondents do not provide the Court with copies of Memoranda filed in connection with this case, and the Court is unable to determine whether the issues raised in the instant Petition were adjudicated by way of initial post-conviction proceedings.

[5]    Again, Respondents do not provide the Court with information as to the issues raised in the second post-conviction petition.

[6]    A motion to amend the motion to reopen was denied on January 24, 2003.  The Court does not know the scope of the motions to reopen or to amend.

July 6, 2004, affirmed the trial court's denial of the motion and clearly held that the sentences imposed were not ambiguous. (Paper No. 6, Exhibit 7). The outcome of Petitioner's July 22, 2004, *certiorari* request to the Court of Appeals of Maryland is not apparent.

On October 27, 2004, Judge Themelis denied Petitioner's Motion to Modify, Reduce, or Vacate Sentence, a decision affirmed by the Court of Special Appeals on February 22, 2005. Petitioner's February 22, 2005 Petition for Writ of Habeas Corpus, which raised the same issues present here, was denied by Judge Handy because the issues had been previously addressed in Petitioner's Motion to Correct Illegal Sentence. Judge Handy's decision issued on March 22, 2006.

Petitioner also complained that the Maryland Division of Correction ("DOC"), relying on the "ambiguous" sentences, failed to properly calculate when each sentence began, thus depriving him of diminution credits and extending the total term of his confinement. Petitioner was denied relief on this claim throughout administrative proceedings on the basis that the DOC properly interpreted Judge Themelis's sentence structure.[7] (Paper No. 1, Attachments, pp. 1-7).

<u>Analysis</u>

Respondents contend that the instant Petition is properly before this Court under 28 U.S.C. § 2241 and is subject to the limitation provision of 28 U.S.C. § 2244(d).[8] It does appear that State court review of the issue presented here became final on July 6, 2004, after the intermediate

---

[7]      The Administrative Law Judge did find, however, that some question remained as to whether the sentences should have commenced on March 6, 1992 (the date Petitioner alleged he was arrested), rather than on March 9, 1992, as ordered by Judge Themelis. *See* Paper No. 1, Attachment, January 4, 2006, Decision of Marleen B. Miller, Administrative Law Judge of the Maryland Office of Administrative Hearings.

[8]      The United States District Court for the Middle District of North Carolina has issued a decision which discusses the application of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C § 2244(d) one-year limitation provision to § 2241 petitions, *McLean v. Smith*, 193 F.Supp.2d 867, 871-72 (M.D. N.C. 2002). The Fourth Circuit, however, has not published an opinion on the issue. *See Copson v. Virginia Parole Bd.*, 230 F.3d 1352, 2000 WL 1283046 (4th Cir., Sept. 12, 2000)(unpub.)

appellate court held that the sentences imposed were not ambiguous.[9]  While the Petition, filed February 3, 2006, more than 18 months after the July 6, 2004, decision by the Court of Special Appeals, may be barred under the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), it also is subject to dismissal because it presents at most an alleged error in state law.

Constitutional error must exist to justify federal habeas relief from a state sentence.  *See* 28 U.S.C. § 2241; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Rose v.* Hodges, 423 U.S. 19, 21 (1975).  The Maryland courts have exhaustively examined the sentences imposed by the trial judge and consistently found no ambiguity – Petitioner is to serve 160 years imprisonment. Furthermore, a State Administrative Law Judge has reviewed Petitioner's claim that the DOC improperly calculated his release dates due to sentence ambiguity, and found no error – as determined by the sentencing court, Petitioner is to serve 160 years imprisonment, minus any diminution credits to which he may be entitled.

These state court issues do not present appropriate grounds for federal habeas corpus review. Accordingly, a separate Order shall be entered denying and dismissing the instant petition.


Date:    August 15, 2006                          /s/
                                                        RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE

---

[9]        It is unclear whether the Court of Appeals had the authority to consider the *certiorari* petition; however, review by way of *certiorari* may not be granted by that court in a case or proceeding in which the Court of Special Appeals has denied leave to appeal in a post-conviction proceeding. *See* Md. Code Ann., Cts & Jud. Proc., § 12-202(1).